# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DENISE DIANNA BUCHANAN,  )
                         )
    Petitioner,           )    3:06-cv-00340-LRH-RAM
                         )
vs.                      )
                         )    **ORDER**
WARDEN SHERYL FOSTER, *et al.*, )
                         )
    Respondents.         )
_____/

  This action proceeds on the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Denise Dianna Buchanan, a Nevada Prisoner represented by counsel. Before the Court are petitioner's motion for summary judgment (Docket #43), respondents' opposition (Docket #46), and petitioner's reply (Docket #47). Also before the Court are petitioner's motion for leave to file excess pages (Docket #44) and petitioner's request for oral argument (Docket #48).

  By order filed August 28, 2006, this Court granted petitioner's motion to file an amended petition and directed the Clerk to file and docket the proposed amended petition. The Order further directed petitioner to serve the amended petition on respondents, and directed respondents to file an answer to the amended petition, in compliance with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. (Docket #7). The amended petition was duly filed by the Clerk on August 28, 2006. (Docket #8).

  On January 16, 2007, respondents filed an answer to the amended petition. (Docket #18). Concurrently therewith, respondents filed exhibits, consisting of the state court record in the underlying criminal case. (Docket #19-42). Petitioner filed a motion for summary judgment on

February 9, 2007. (Docket #43). On the same date, petitioner filed a motion for leave to file the summary judgment motion in excess of 30 pages. (Docket #44). Petitioner filed a request for oral argument on the summary judgment motion. (Docket #48).

      Rule 5(e) of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254 provides that "petitioner may submit a reply to the respondent's answer or other pleading within a time frame fixed by the judge." Rule 11 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254 provides that, "to the extent that they are not inconsistent with any statutory provision or these rules, [the Federal Rules of Civil Procedure] may be applied to a proceeding under these rules." This Court finds that a Rule 56 motion for summary judgment is inconsistent with Rule 5(e) and with 28 U.S.C. 2254(e)(1). Section 2254(e)(1) mandates that findings of fact made by a state court "shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Petitioner has not conceded that the facts, as determined in the underlying state court proceedings, are correct. Rather, the petition and motion for summary judgment make it clear that there remain material facts in dispute in this case.

      The arguments contained in petitioner's summary judgment motion are more appropriately made by way of a reply, in accordance with Rule 5(e) of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. This Court finds the appropriate course to deny petitioner's motion for summary judgment as procedurally inappropriate and allow petitioner the opportunity to file a reply. Once briefing is complete in accordance with Rule 5(e), this Court will rule on the merits of the petition.

      Finally, petitioner's request for leave to file excess pages is granted *nunc pro tunc*, to the date of the filing of the summary judgment motion, February 9, 2007. In light of the foregoing, petitioner's request for oral argument on the summary judgment motion is denied.

      **IT IS THEREFORE ORDERED** that petitioner's motion to file in excess pages (Docket #44) is **GRANTED** *nunc pro tunc*, to the date of the filing of the summary judgment motion,

February 12, 2007.

**IT IS FURTHER ORDERED** that petitioner's motion for summary judgment (Docket #43) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request for oral argument (Docket #48) on the summary judgment motion is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from the date of entry of this Order to file a reply to respondents' answer.

DATED this 24th day of August, 2007.

_____
LARRY R. HICKS
UNITED  STATES  DISTRICT  JUDGE